O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6767 AHM (JCx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | NICHOLAS T. HARITON, et al. v. CHASE AUTO FINANCE CORP., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

In April 2008, Plaintiffs Nicholas and Linda Hariton filed in state court a lawsuit arising from allegations that their individual credit reports falsely stated that they failed to make payments on an automobile lease. Plaintiffs amended their complaint twice, ultimately suing Defendants Chase Auto Finance Corp. ("Chase"), Experian Services Corp. ("Experian), and twenty-four Does for alleged violations of the Fair Credit and Reporting Act ("FCRA"), and breach of contract and the covenant of good faith and fair dealing. The gravamen of this action is the allegation that Defendant Chase falsely reported to a consumer credit agency that the Haritons were delinquent in their lease payments.

On October 3, 2008, Defendant Experian filed an answer to the Second Amended Complaint ("SAC"). On October 15, 2008, Defendant Chase, removed this action to federal court. The case was eventually transferred to this Court, and on February 6, 2009 the Court took under submission Defendant Chase's motion to dismiss all of the claims against it.

The Court GRANTS in part and DENIES in part Chase's motion to dismiss. Specifically, the Court rules as follows:

<u>Chase's Alleged Violations of the Fair Credit Reporting Act (Claim 1)</u>

Dismissed in part with prejudice; dismissed in part without prejudice.

There is no private right of action under 15 U.S.C. § 1681s-2(a), and the claims brought under that provision of the FCRA are dismissed with prejudice.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6767 AHM (JCx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | NICHOLAS T. HARITON, et al. v. CHASE AUTO FINANCE CORP., et al. | | |

A private right of action against a furnisher of information to a consumer credit agency is triggered under 15 U.S.C. § 1681s-2(b) only after a consumer gives notice of fraudulent information to the agency and the agency reports the dispute to the furnisher.  Defendant Chase did not waive the right to assert this requirement as a defense, and is not estopped from asserting it.  The Court therefore dismisses with prejudice all claims under 15 U.S.C. § 1681s-2(b) that relate to damages incurred before September or October 2007, when Plaintiffs allegedly reported the dispute to Experian.  The Second Amended Complaint does allege that some damages occurred after September or October 2007.  It is possible that some violations occurred after that date as well.  The Court therefore gives Plaintiffs leave to amend their pleadings to allege statutory violations and damages that occurred after the reporting date.  In order to be viable, any amended claims must specify that the damages occurred as a result of violations committed by Chase after it received notice from a credit reporting agency.[1]

Plaintiffs tacitly concede that no cause of action exists under the FCRA for the alleged damages to Mr. Hariton's business.  The Court therefore dismisses with prejudice the FCRA claims related to those damages.  But Defendant failed to show that there is no possibility that the Plaintiffs sustained damages as a result of their alleged conduct.  The Court therefore gives Plaintiffs leave to amend to allege state-based claims related to the business, so long as those claims are not pre-empted by ERISA.

<u>Chase's Alleged Breach of Contract and Covenant of Good Faith and Fair Dealing (Claim 3)</u>

Dismissed without prejudice.  This claim is preempted by 15 U.S.C. § 1681t because for all practical purposes the claim is based upon Defendants' alleged reporting of false information to consumer credit agencies.  Plaintiffs may, however, be able to amend the claim to allege contract damages arising from the

---

[1] For example, the SAC alleges that Ms. Hariton was damaged from an increased interest rate on her credit card, but it also alleges that she "ultimately" cancelled her credit card.  It is thus possible that she did not have to pay any increased interest after September or October 2007.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6767 AHM (JCx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | NICHOLAS T. HARITON, et al. v. CHASE AUTO FINANCE CORP., et al. | | |

poor accounting itself.

For the foregoing reasons, the Court GRANTS in part and DENIES in part Chase's motion to dismiss.[2]

If Plaintiffs wish to amend their complaint they must do on or before April 20, 2009. If Plaintiffs fail to file an amended complaint by that date this action will be automatically dismissed in its entirety with prejudice.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

                                                                                                                                                                :

                                      Initials of Preparer              SMO

---

[2] Docket No. 7.