O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6767 AHM (JCx) | Date | August 4, 2010 |
|---|---|---|---|
| Title | NICHOLAS T. HARITON v. CHASE AUTO FINANCE CORP. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:** IN CHAMBERS (No Proceedings Held)

## I. INTRODUCTION

On April 4, 2008, Plaintiff Nicholas Hariton filed his original Complaint in state court against Defendant Chase Auto Finance Corporation ("Chase") and several other defendants, alleging that his individual credit report falsely stated that he failed to make payments on an automobile lease.[1] On October 15, 2008, Defendant removed this case to federal court on the basis that Plaintiff stated a federal claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

On April 6, 2009, this Court granted in part and denied in part Chase's motion to dismiss the Second Amended Complaint ("SAC"), granting leave to amend various portions of the complaint. Dkt. No. 21 ("First Order"). The Court dismissed claims brought under 15 U.S.C. § 1681s-2(a) with prejudice because there is no private right of action under that section. First Order at 1. In addition, the Court held that a right of action against a furnisher of credit information, such as Chase, is only triggered under 15 U.S.C. § 1681s-2(b) after a consumer gives notice of fraudulent information to the credit reporting agency, such as Experian, and the agency reports the dispute to the furnisher. First Order at 2. Thus, the Court dismissed with prejudice all claims under 15 U.S.C. § 1682s-2(b) relating to damages incurred before September or October 2007, when

---

[1] Plaintiff's wife was formerly also a party to the lawsuit, but any claims that she may have had against Defendant were dismissed with prejudice. In addition, Chase is the only remaining defendant.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6767 AHM (JCx) | Date | August 4, 2010 |
|---|---|---|---|
| Title | NICHOLAS T. HARITON v. CHASE AUTO FINANCE CORP. | | |

Plaintiff allegedly reported the dispute to Experian.[2] *Id.* Finally, because FCRA provides a cause of action to private consumers, such as Plaintiff, and not to business entities, such as Plaintiff's business Imaging Presentation Partners ("IPP"), the Court dismissed claims regarding IPP under FCRA with prejudice. *Id.* The Court also dismissed the breach of contract claim without prejudice in order to permit Plaintiff to amend his complaint to allege damages arising from Chase's poor accounting itself, since a contract claim based on Defendant's alleged reporting of false information would be preempted by the FCRA. First Order at 2-3.

On June 11, 2009, Plaintiff filed an untimely Third Amended Complaint ("TAC"), and Defendant responded with another motion to dismiss. On September 14, 2009, this Court granted in part and denied in part Defendant's motion to dismiss the TAC. Dkt. No. 52 ("Second Order"). The Court refused to dismiss the FCRA claim under 15 U.S.C. § 1681s-2(b), but noted that this claim is limited to damages incurred after Plaintiff reported the alleged dispute to Experian.[3] Second Order at 1. However, the Court granted the motion to dismiss the contract and negligence claims with prejudice "as to the damages suffered by Plaintiff[] as [an] individual[]," because Plaintiff failed to state a non-preempted claim. However, the Court refused to dismiss the contract and negligence claims for "alleged damages [resulting from denial of loan applications] to Mr. Hariton's business." Second Order at 1, 3.

As a result of the previous motions to dismiss, Plaintiff has only three claims remaining in the TAC: 1) the first cause of action alleging a violation of the FCRA by Chase, pursuant to 15 U.S.C. § 1681s-2(b), seeking damages personally incurred by Plaintiff after September or October 2007,[4] which is when Plaintiff allegedly reported his

---

[2]The Court previously held that the triggering date was the time period during which Plaintiff reported the error to Experian, but there is now evidence in the record that the precise date Chase received notice of the dispute from Experian was November 16, 2007, which is the relevant date under FCRA. *See infra* at 5, 11.

[3]*See supra* note 2.

[4]The Second Order states the year as 2008 instead of 2007. Second Order at 1. However, in the First Order, the date is correct. First Order at 2.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6767 AHM (JCx) | Date | August 4, 2010 |
|---|---|---|---|
| Title | NICHOLAS T. HARITON v. CHASE AUTO FINANCE CORP. | | |

disputed credit report to a credit reporting agency; 2) the third cause of action for breach of contract and breach of implied covenant of good faith and fair dealing based on a May 2000 contract between Chase and IPP (actually, this contract was with Auto Stiegler, which later assigned it to Chase); and 3) the seventh cause of action for negligence in credit reporting as to the damages suffered by IPP. Hariton pursues these claims in his own right as a purported assignee.

On May 18, 2010, Chase filed the instant motion for summary judgment. For the reasons discussed below, after reviewing the papers submitted by the parties and a hearing held on August 4, 2010, the Court GRANTS Defendant's motion.[5]

## II. CHRONOLOGY OF FACTS

| **Date** | **Event** | **Citation** |
|---|---|---|
| 05/30/00 | Plaintiff, as lessee, and Auto Stiegler, a car dealership as lessor, entered into a lease agreement for a Mercedes vehicle. The lease was subsequently assigned by lessor to Defendant Chase. | SUF ¶¶ 4-5. |
| 08/31/05 | Plaintiff returned the vehicle to Auto Stiegler after having made all of the 63 monthly lease payments. | SGI ¶ 10; SUF ¶¶ 5, 9. |
| 10/05 | Allegedly, Chase first wrongly reported on Plaintiff's credit report that the lease payments were past due. | SGI ¶ 10. |
| 07/25/06 | Before receiving notice of any dispute from Experian, Chase sent a form to the credit reporting agencies requesting the reporting of the Chase lease be changed to Status "13," meaning "Paid in Full." | SUF ¶ 11. |

---

[5]Dkt. No. 104.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6767 AHM (JCx) | Date | August 4, 2010 |
|---|---|---|---|
| Title | NICHOLAS T. HARITON v. CHASE AUTO FINANCE CORP. | | |

| | | |
|---|---|---|
| 06/05/07 | Plaintiff's Experian credit report described the car lease incorrectly as "Paid, was a charge-off."[6] | SGI ¶ 12; Weickhardt Decl., Ex. B. |
| 06/05/07 | Plaintiff and IPP jointly purchased another automobile, and thus applied for a car loan.  Plaintiff believes that he and IPP were either turned down or offered a higher interest rate loan from Chase. | SGI ¶¶ 48, 50. |
| 09/07 or 10/07 | Plaintiff claims to have notified Experian of Chase's credit reporting error. | TAC ¶ 20. First Order at 2. |
| 10/07 | IPP applied for a business line of credit, but was turned down by Citibank after Citibank inquired with Experian as to Plaintiff's credit. | SUF ¶ 42. |
| 11/15/07 | Another Experian credit report for Plaintiff still referenced the car lease as "Paid, was a charge-off." | SUF ¶ 21; Weickhardt Decl., Ex. C. |
| Prior to 11/16/07 | City National Bank turned down IPP's October 2007 application for a business line of credit. | SUF ¶ 42. |
| 11/16/07 | Chase was notified of a dispute concerning the "Paid, was a charge off" entry on plaintiff's credit report. | Sandifer Decl., Ex. C. |
| 11/19/07 | Chase notified Experian that the correct status was "Closed - Paid as Agreed." | Sandifer Decl. ¶ 4, Ex. C. |
| 11/20/07 | Plaintiff's Experian credit report referenced the lease as "Paid, Closed/Past due 120 days." | SUF ¶ 26; Weickhardt Decl., Ex. G. |

---

[6]When an account is "charged off," this indicates that the credit issuer has absorbed the outstanding balance as a loss.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6767 AHM (JCx) | Date | August 4, 2010 |
|---|---|---|---|
| Title | NICHOLAS T. HARITON v. CHASE AUTO FINANCE CORP. | | |

| | | |
|---|---|---|
| 11/15/07 and 11/20/07 | Plaintiff's 11/15/07 and 11/20/07 credit reports show inquiries only from City National Bank, Citibank, and Comerica, but not from other banks that IPP applied to for a business line of credit, such as Beach Business Bank, American Business Bank, and HSBC. | SUF ¶ 46. |
| 12/06/07 | Comerica granted to IPP a $250,000 business line of credit. | SUF ¶ 43. |
| 01/08/08 | Plaintiff unilaterally executed a transfer of rights by which IPP purportedly transferred its interest in all claims alleging inaccurate credit reporting against Chase to Plaintiff. | SUF ¶¶ 55, 57. |
| 08/19/08 | Chase requested that Experian remove the Chase lease from Plaintiff's credit report. | SUF ¶ 29; Sandifer Decl., Ex. D. |
| 10/20/08 | Plaintiff's credit report shows that all information regarding the Chase lease was deleted from his Experian credit records. | Weickhardt Decl., Ex. G. |
| 03/10/10 | IPP's Board ratified the 01/08/08 transfer of rights. | SUF ¶¶ 58-59. |

## III. LEGAL STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A fact is material if it could affect the outcome of the suit under the governing substantive law. *Id.* at 248. The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6767 AHM (JCx) | Date | August 4, 2010 |
|---|---|---|---|
| Title | NICHOLAS T. HARITON v. CHASE AUTO FINANCE CORP. | | |

the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. The moving party need not disprove the other party's case. *See Celotex*, 477 U.S. at 325. Thus, "[s]ummary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (citing *Celotex*, 477 U.S. at 322).

When the moving party meets its burden, the "opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment will be entered against the opposing party if that party does not present such specific facts. *Id*. Only admissible evidence may be considered in deciding a motion for summary judgment. *Id*.; *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

"[I]n ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (quoting *Anderson*, 477 U.S. at 255). But the non-moving party must come forward with more than "the mere existence of a scintilla of evidence." *Anderson*, 477 U.S. at 252. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

## IV. DISCUSSION

### A. Summary Judgment is Granted as to the FCRA Claim.

1. <u>There is evidence that Chase's response to the notice of the disputed credit item may have not been reasonable.</u>

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6767 AHM (JCx) | Date | August 4, 2010 |
|---|---|---|---|
| Title | NICHOLAS T. HARITON v. CHASE AUTO FINANCE CORP. | | |

FCRA provides that

> [a]fter receiving notice pursuant to 1681i(a)(2) [from a consumer reporting agency] . . . of a dispute with regard to completeness or accuracy of any information provided by a person to a consumer reporting agency, the [furnisher of information receiving such notice] shall –
>> (A) conduct an investigation with respect to the disputed information;
>> (B) review all relevant information provided by the consumer reporting agency . . . ;
>> (C) report the results of the investigation to the consumer reporting agency;
>> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to . . . consumer reporting agencies;
>> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete, . . . promptly
>>> (I) modify that item of information;
>>> (ii) delete that item of information; or
>>> (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).

The consumer reporting agency (here, Experian) has the duty to provide a notice of a dispute to any furnisher of information (here, Chase) within five days after the agency received such notice from a consumer. 15 U.S.C. § 1681i(a)(2)(A). The furnisher of information "shall complete all investigations, reviews, and reports . . . before the expiration of the period under section 1681i(a)(1) . . . within which the consumer reporting agency is required to complete actions required . . . regarding that information." 15 U.S.C. § 1681s-2(b)(2). Under 15 U.S.C. § 1681i(a)(1)(A), the relevant time period is thirty days "beginning on the date on which the agency receives notice of the dispute".

A furnisher's investigation under this statute must be reasonable. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009). "[S]ummary judgment is not precluded altogether on questions of reasonableness," but "[i]t is only appropriate 'when only one conclusion about the conduct's reasonableness is possible.'" *Id.* (quoting

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6767 AHM (JCx) | Date | August 4, 2010 |
|---|---|---|---|
| Title | NICHOLAS T. HARITON v. CHASE AUTO FINANCE CORP. | | |

*in re Software Toolworks Inc.*, 50 F.3d 615, 622 (9th Cir. 1994).

     Here, on July 25, 2006, Chase, the furnisher of information, notified the credit reporting agencies to classify the initial loan as paid in full. But later, on November 16, 2007, it received notice from Experian of a dispute. Sandifer Decl., Ex. C. In response, Chase notified Experian on November 19, 2007 that the correct account status was "Closed-Paid as Agreed." *Id.* at ¶ 4, Ex. C. This response was timely under FCRA. Although the status of the Chase lease was thereafter modified, it was still incorrect. *See* Weickhardt Decl., Ex. F (November 20, 2007 credit report showing the Chase account as "Paid/Past due 120 days"). Chase did not submit a request to delete the Chase account from Plaintiff's credit report until August 19, 2008–almost nine months later. Sandifer Decl., Ex. D (document indicating when Chase requested that Experian remove the account). The October 20, 2008 Experian credit report is the first one made available to the Court reflecting such a change. Weickhardt Decl., Ex. G.

     At the hearing on August 4, 2010, counsel for Plaintiff argued that Chase's failure to correct the entry or entries referring to "Past Due 120 days" was willful, although counsel was unable to provide statutory or case law support for that assertion. Moreover, the action Chase took on November 19, 2007 precludes any such finding of willfulness. If Chase had received notice of a new dispute relating to the "Past Due" entries, the August 19, 2008 response from Chase that finally led to the deletion of the "Past Due" entries probably would have been outside the required thirty day response period under FCRA. But that is not what happened and, in any event, not how this case was initially pursued. In any event, the Court GRANTS Chase's motion for summary judgment as to liability to Hariton for the FCRA claim because Plaintiff can prove no damages.

     2.    <u>Plaintiff has provided no evidence that he incurred actual damages during the relevant liability period.</u>

     Whether damages are or are not an element of a FCRA claim depends on whether the noncompliance was willful or negligent. Damages are not an element of a claim for a willful violation. 15 U.S.C. § 1681n (stating that actual *or* statutory damages may recovered for willful noncompliance with FCRA) (emphasis added); *see also Ackerley v. Credit Bureau of Sheridan, Inc.*, 385 F. Supp. 658, 661 (D. Wyo. 1974) ("The plain language of § 1681n . . . buttresses the view that actual damages is not required in an

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-6767 AHM (JCx) | Date | August 4, 2010 |
|---|---|---|---|
| Title | NICHOLAS T. HARITON v. CHASE AUTO FINANCE CORP. | | |

action to enforce liability . . . ."); 21 JOHN R. KENNEL & ELIZABETH WILLIAMS, CORPUS JURIS SECUNDUM CREDIT REPORTING AGENCIES § 26 (2010) (explaining that FCRA allows an award of the greater of statutory damages or actual damages sustained as a result of a willful violation). Plaintiff alleges in his complaint that Chase's response to the report of their dispute may have been "intentional or negligent," TAC ¶ 18.2, and that Chase made a "knowingly false adverse report," TAC ¶ 19. However, Plaintiff provides no evidence that Chase's actions were willful. Therefore, at best his cause of action must be based on negligent noncompliance with the FCRA.

  Unlike for a willful violation, damages <u>are</u> an element of a claim for a negligent violation of the FCRA. 15 U.S.C. § 1681o (stating that "actual damages sustained . . . *and* . . . the costs of the action together with reasonable attorney's fees" are recoverable for negligent noncompliance) (emphasis added); *see also* DAVID STEMLER, FEDERAL FAIR LENDING AND CREDIT PRACTICE MANUAL ¶ 13.04[2] (2010) (stating that proof of actual injury is required); KENNEL, *supra* page 12 § 26 (explaining that FCRA allows an award only if there are actual damages sustained as a result of negligent noncompliance).

  Plaintiff characterizes his alleged damages as having had to pay a higher interest rate for the car he and IPP purchased on or about June 5, 2007. Only damages for injuries personally incurred, not injuries to business entities, are available under FCRA. First Order at 2. Therefore, Plaintiff is limited to seeking damages for any heightened interest rate he personally was required to pay on the June 2007 car loan because that was the only credit application on behalf of Plaintiff (albeit along with IPP).[7] *See* Neff Decl., Ex. P (showing "Imaging Presentation Partners" and "Nicholas Theodore Hariton" as the "Buyer (and Co-Buyer)") of the relevant car.

  Defendant argues in its Reply that Plaintiff has not offered any admissible evidence regarding damages sustained. Reply at 16. Defendant is correct that Plaintiff's declaration contains only conclusory allegations that he received higher than market rate credit terms and is inadmissible hearsay. *See* Hariton Decl. ¶ 23. However, Plaintiff has provided the declaration of an expert witness, forensic accountant Robert Neff, and Defendant does not challenge Neff's ability to serve as an expert in this case. Neff provides evidence in his declaration and accompanying expert report that the industry average for an auto loan when Plaintiff obtained financing was 5.19 % interest, according

---

  [7]The October 2007 applications for a business line of credit were in IPP's name alone.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6767 AHM (JCx) | Date | August 4, 2010 |
|---|---|---|---|
| Title | NICHOLAS T. HARITON v. CHASE AUTO FINANCE CORP. | | |

to the Federal Reserve Statistical Release G.19. Neff Decl. ¶ 5.3; Ex. N. Yet Plaintiff's loan had a 9.54 % interest rate. Neff Decl. ¶ 5.2. Based on these differing interest rates, Neff has calculated excess interest payments to be $14,988. Neff. Decl. ¶ 5.5; Ex. M.

Nevertheless, because Plaintiff applied for this loan in June 2007–before Defendant received the November 16, 2007 report from Experian that triggered potential liability under 15 U.S.C. § 1681s-2(b)–Plaintiff cannot recover for any heightened interest rate paid on the June loan.

> 3. <u>Damages for lost earnings cannot be considered because they were not disclosed in discovery requests.</u>

Rule 37(c)(1) of the Federal Rules of Civil Procedure states that if a party fails to provide requested information pursuant to Rule 26(a), "the party is not allowed to use that information . . . at a hearing, or at a trial." The Ninth Circuit has stated that "Rule 37(c)(1) gives teeth to [discovery] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). In *Yeti*, an expert report was excluded because the party failed to provide this report while the case was pending for over two and a half years.

Plaintiff now attempts to recover compensation he failed to receive from IPP as a result of Defendant's erroneous credit reporting. Because of the alleged damages to IPP, IPP was unable to pay Plaintiff his full salary and bonuses. However, these damages were not mentioned in Plaintiff's Rule 26(a) disclosure. In this case, Plaintiff has continually been lax in responding to discovery requests and responding timely.[8] Because this failure to disclose is not "substantially justified" or "harmless," Plaintiff cannot belatedly claim these damages in his Opposition. *See* Fed. R. Civ. P. 37(c)(1).

> **B. Summary Judgment Is Granted as to the Breach of Contract Claim Because IPP is not a Third Party Beneficiary.**

---

[8] The Court previously granted Defendant's motion to compel interrogatory responses as a result of Plaintiff's failure to respond. Dkt. No. 95.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6767 AHM (JCx) | Date | August 4, 2010 |
|---|---|---|---|
| Title | NICHOLAS T. HARITON v. CHASE AUTO FINANCE CORP. | | |

A dispute exists between the parties as to whether there was a valid assignment of the 2000 auto lease from Plaintiff to IPP. If this assignment was not valid, IPP would have no connection to the relevant contract, and thus Plaintiff could not bring a claim for any injuries that IPP purportedly suffered as a result of negative credit reports relating to this lease, claims which Plaintiff contends were later assigned to him. The issue is whether IPP effectively took over the lease *before* the erroneous credit reporting even occurred. The lease was signed only by Plaintiff, not by IPP and not along with IPP. There was no express agreement to effectuate an assignment, but Plaintiff argues that by accepting payments from IPP on that lease, Chase recognized and accepted a "*de facto* assignment." The Court rejects that notion. Moreover, as Chase correctly argues, IPP cannot prove breach of contract because IPP "is not a party to the contract at issue nor is it an express beneficiary." Mot. at 14.

"A contract, made *expressly* for the benefit of a third person, may be enforced by him at any time . . . ." Cal. Civ. Code § 1559 (emphasis added). A third party can qualify as a beneficiary only "when it appears from the terms of the contract itself that the contracting parties intended to benefit the third party." *Ochs v. PacifiCare of California*, 115 Cal. App. 4th 782, 795 (Ct. App. 2004). Although a "plaintiff may plead the legal effect of the contract rather than its precise language," there is nothing in the lease contract that explicitly or implicitly made IPP or any other entity a third party beneficiary. See *Id.* The Ninth Circuit has also held that under California law the intent to benefit a third party must be apparent from the terms of the contract. *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010 (9th Cir. 2000) (holding that appellants could not recover as third party beneficiaries because there was no evidence of an intent to benefit a third party).

Because IPP was not a named party to the 2000 lease, *see* Weickhardt Decl., Ex. A, and it is not evident from the face of that contract that IPP or any other party was intended to be a third party beneficiary, IPP is not a third party beneficiary. For these reasons and because there was no valid assignment, summary judgment is GRANTED as to the breach of contract claim regarding Plaintiff's business.

    **C.**    **Summary Judgment Is Granted as to the Negligence Claim Because the Economic Loss Doctrine Bars Recovery Under a Negligence Theory.**

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6767 AHM (JCx) | Date | August 4, 2010 |
|---|---|---|---|
| Title | NICHOLAS T. HARITON v. CHASE AUTO FINANCE CORP. | | |

Economic losses, such as lost profits, are "damages . . . without any claim of personal injury or damages to other property." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2005) (quoting *Jimenez v. Superior Court*, 29 Cal. 4th 473, 482 (2002)). Under the economic loss doctrine, recovery of lost profits and other monetary damages is limited to contract claims, and cannot be recovered in tort. *Id.* Although it is somewhat unclear from the papers submitted by the parties, it appears that they assume that California law applies to the negligence claim, and the Court thus applies California law in regards to this claim.

Plaintiff alleges that he suffered economic losses in the form of lost profits for his business (IPP) as a result of Chase's negligence in correcting errors on his credit report that it was responsible for causing. Plaintiff argues that he can recover such losses because the economic loss rule does not apply where a fiduciary duty imposed by law rather than contract exists. *See* Opp'n at 22. However, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its *conventional role as a mere lender of money*." *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (Ct. App. 1991) (emphasis added) (holding that the relationship between a lending institution and its borrower client is not fiduciary in nature because a commercial lender is entitled to pursue its own economic interest in a loan transaction). In *Sipe v. Countrywide Bank*, 690 F. Supp. 2d 1141, 1152-53 (E.D. Cal. 2010), the court held that under California law accurate credit reporting did not fall outside a lending institution's conventional role as a lender, and thus barred a claim for negligence regarding such reporting. (citing *Nymark*, 231 Cal. App. 3d at 1095). *See also Walters v. Fidelity Mortgage of California*, 2010 WL 1493131 (E.D. Cal. Apr. 14, 2010) (holding that credit reporting is within the conventional roles of a lending institution under California law).

Because this Court finds *Nymark* is applicable, the Court therefore GRANTS summary judgment as to the negligence claim.[9]

---

[9] At the hearing, Plaintiff's counsel tried to state why Plaintiff should be able to recover emotional distress damages. As Chase's counsel correctly pointed out (and had argued in his motion papers), this is not the kind of case for which such damages are recoverable.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6767 AHM (JCx) | Date | August 4, 2010 |
|---|---|---|---|
| Title | NICHOLAS T. HARITON v. CHASE AUTO FINANCE CORP. | | |

## V. CONCLUSION

The Court GRANTS Defendant's motion[10] for summary judgment.

**JS-6**

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |

---

[10]Dkt. No. 104.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6767 AHM (JCx) | Date | August 4, 2010 |
|---|---|---|---|
| Title | NICHOLAS T. HARITON v. CHASE AUTO FINANCE CORP. | | |

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................1

II.     CHRONOLOGY OF FACTS ..............................................................................3

III.    LEGAL STANDARD FOR SUMMARY JUDGMENT .....................................5

IV.     DISCUSSION ......................................................................................................6

        A.      Summary Judgment Is Granted as to the FCRA Claim. ..........................6

                1.      There is evidence that Chase's response to the notice of the disputed credit item may have not been reasonable. ...........................6

                2.      Plaintiff has provided no evidence that he incurred actual damages during the relevant liability period. .............................8

                3.      Damages for lost compensation cannot be considered because they were not disclosed in discovery requests. ...................................9

        B.      Summary Judgment Is Granted as to the Breach of Contract Claim Because IPP Is Not a Third Party Beneficiary. ................................10

        C.      Summary Judgment Is Granted as to the Negligence Claim Because the Economic Loss Doctrine Bars Recovery Under a Negligence Theory. .............11

V.      CONCLUSION ..................................................................................................12